IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SQUARE RING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE-1, CHIEF EXECUTIVE OFFICER, | ) | C.A. No. 09-563-GMS |
| JOHN DOE-2, CHIEF TECHNICAL | ) | |
| OFFICER, JOHN DOE-3, PRESIDENT, JOHN | ) | **JURY TRIAL DEMANDED** |
| DOES 4-10, Individually and as officers, | ) | |
| directors, shareholders and/or principals of | ) | |
| USTREAM.TV, INC., a/k/a | ) | |
| USTREAM.TV.COM, a/k/a USTREAM, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| USTREAM.TV, INC., a/k/a, | ) | |
| USTREAM.TV.COM, a/k/a USTREAM, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT USTREAM'S ANSWER TO COMPLAINT**

Although Defendant Ustream.TV, Inc. ("Ustream") believes this action should be dismissed as set forth in its pending Motion to Enforce the Settlement Agreement, Ustream, by and through its undersigned counsel, hereby submits its Answer and Defenses to Square Ring Inc.'s ("Square Ring") Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and on that basis denies each and every one of them.

2. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and on that basis denies each and every one of them.

3. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments of fact regarding Square Ring contained in Paragraph 3 of the Complaint and on that basis denies each and every one of them. With respect to the averments regarding Ustream, Ustream denies each and every one of them.

4. Ustream denies each and every averment contained in Paragraph 4 of the Complaint.

5. Ustream denies each and every averment contained in Paragraph 5 of the Complaint, except Ustream admits that Plaintiff's counsel contacted Ustream in March 2009.

## JURISDICTION AND VENUE

6. Ustream neither admits nor denies the averments contained in Paragraph 6 of the Complaint because those averments are conclusions of law to which no response is required; to the extent that those averments may be deemed averments of fact, Ustream denies each and every one of them, except Ustream admits that the Complaint purports to be a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and common law Trademark infringement.

7. Ustream neither admits nor denies the averments contained in Paragraph 7 of the Complaint because those averments are conclusions of law to which no response is required; to the extent that those averments may be deemed averments of fact, Ustream denies each and every one of them, except Ustream admits that Plaintiff purports to base this Court's jurisdiction on the statutes cited in Paragraph 7.

8. Ustream neither admits nor denies the averments contained in Paragraph 8 of the Complaint because those averments are conclusions of law to which no response is required; to the extent that those averments may be deemed averments of fact, Ustream is without knowledge or information sufficient to form a belief as to the truth thereof on that basis denies each and every one of them, except Ustream admits that it is incorporated in the State of Delaware.

9. Ustream denies each and every averment contained in Paragraph 9 of the Complaint.

## THE PARTIES

10. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint and on that basis denies each and every one of them.

11. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint and on that basis denies each and every one of them.

12. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and on that basis denies each and every one of them.

13. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint and on that basis denies each and every one of them.

14. Replying to Paragraph 14 of the Complaint, Ustream admits that it is a Delaware corporation with its principal place of business at 274 Castro Street, Suite 204, Mountain View, CA. Ustream admits that its California registered agent is Johnny Ilman Ham, and its California

address for service of process is registered as 274 Castro Street, Suite 204, Mountain View, CA[1]. Ustream admits that its Delaware registered agent is The Company Corporation, and its Delaware address for service of process is registered as 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

15. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the Complaint and on that basis denies each and every one of them.

16. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and on that basis denies each and every one of them.

17. Ustream denies each and every averment in Paragraph 17 of the Complaint, except Ustream admits that its website states that Ustream.TV is a "live interactive video broadcast platform" and that "[w]ith Ustream's interactive broadcast functionality, viewers can personally interact directly with whoever is broadcasting."

18. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint and on that basis denies each of them.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

19. Ustream denies each and every averment contained in Paragraph 19, except Ustream admits that Ustream owns and operates a website located at http://www.ustream.tv/.

20. Ustream denies each and every averment contained in Paragraph 20 of the Complaint.

---

[1] The Complaint misstates the zip code for Ustream's principal place of business and California registered agent; the correct zip code is 94041.

4

21. Ustream denies each and every averment contained in Paragraph 21 of the Complaint.

22. Ustream denies each and every averment contained in Paragraph 22 of the Complaint, except Ustream admits that its website states that Ustream.TV is a "live interactive video broadcast platform," provides technology and services that enable users to broadcast through Ustream or to create their own channels through which to broadcast, and has a blog called "The Ustream.tv blog" located at http://www.ustream.tv/blog/.

23. Ustream denies each and every averment contained in Paragraph 23 of the Complaint.

24. Ustream denies each and every averment contained in Paragraph 24 of the Complaint, except Ustream admits that Plaintiff's counsel contacted Ustream on March 17, 2009.

25. Ustream denies each and every averment contained in Paragraph 25 of the Complaint, except Ustream admits that Ustream responded to Plaintiff's counsel by electronic mail on March 17, 2009, and the content of that response speaks for itself.

26. Ustream denies each and every averment contained in Paragraph 26 of the Complaint, except Ustream admits that Plantiff's counsel contacted Ustream on March 18, 2009. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments regarding Square Ring contained in the last sentence of Paragraph 26 of the Complaint and that basis denies each and every one of them.

27. Ustream denies each and every averment contained in Paragraph 27 of the Complaint, except Ustream admits that it exchanged e-mails on March 18, 2009, the contents of which speak for themselves.

28. Ustream denies each and every averment contained in Paragraph 28 of the Complaint, except Ustream admits that it received an e-mail from Plaintiff's counsel on March 20, 2009, the content of which speaks for itself.

29. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Complaint and on that basis denies each and every one of them.

30. Ustream denies each and every averment contained in Paragraph 30 of the Complaint, except Ustream admits that it received a letter from Plaintiff's counsel on March 27, 2009, the content of which speaks for itself.

31. Ustream denies each and every averment contained in Paragraph 31 of the Complaint.

32. Ustream denies each and every averment contained in Paragraph 32 of the Complaint.

33. Ustream denies each and every averment contained in Paragraph 33 of the Complaint.

34. Ustream denies each and every averment contained in Paragraph 34 of the Complaint, except Ustream admits that it offers free accounts to its subcribers and that its technology allows its subscribers to upload, display, share, exhibit, and/or disseminate live programming.

35. Admitted.

36. Admitted.

37. Ustream denies each and every averment contained in Paragraph 37 of the Complaint.

38. Ustream denies each and every averment contained in Paragraph 38 of the Complaint.

39. Ustream neither admits nor denies the averments contained in Paragraph 39 of the Complaint because those averments are conclusions of law to which no response is required; to the extent that those averments may be deemed averments of fact, Ustream denies each and every one of them, except Ustream admits that its terms of service are available at http://www.ustream.tv/terms.

40. Ustream denies each and every averment contained in Paragraph 40 of the Complaint.

## COUNT I
## COPYRIGHT ACT AND DIGITAL MILLENNIUM COPYRIGHT ACT INFRINGEMENT
## DIRECT COPYRIGHT INFRINGEMENT

41. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 40 inclusive.

42. Ustream denies each and every averment contained in Paragraph 42 of the Complaint.

43. Ustream denies each and every averment contained in Paragraph 43 of the Complaint.

44. Ustream denies each and every averment contained in Paragraph 44 of the Complaint.

45. Ustream denies each and every averment contained in Paragraph 45 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 45 of the Complaint or any relief otherwise.

46. Ustream denies each and every averment contained in Paragraph 46 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 46 of the Complaint or any relief otherwise.

47. Ustream denies each and every averment contained in Paragraph 47 of the Complaint.

48. Ustream denies each and every averment contained in Paragraph 48 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 48 of the Complaint or any relief otherwise.

49. Ustream denies each and every averment contained in Paragraph 49 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 49 of the Complaint or any relief otherwise.

50. Ustream denies each and every averment contained in Paragraph 50 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 50 of the Complaint or any relief otherwise.

51. Ustream denies each and every averment contained in Paragraph 51 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 51 of the Complaint or any relief otherwise.

52. Ustream denies each and every averment contained in Paragraph 52 of the Complaint.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

53. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 52 inclusive.

54. Ustream denies each and every averment contained in Paragraph 54 of the Complaint.

55. Ustream denies each and every averment contained in Paragraph 55 of the Complaint.

56. Ustream denies each and every averment contained in Paragraph 56 of the Complaint.

57. Ustream denies each and every averment contained in Paragraph 57 of the Complaint.

58. Ustream denies each and every averment contained in Paragraph 58 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 58 of the Complaint or any relief otherwise.

59. Ustream denies each and every averment contained in Paragraph 59 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 59 of the Complaint or any relief otherwise.

60. Ustream denies each and every averment contained in Paragraph 60 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 60 of the Complaint or any relief otherwise.

61. Ustream denies each and every averment contained in Paragraph 61 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 61 of the Complaint or any relief otherwise.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT

62. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 61 inclusive.

63. Ustream denies each and every averment contained in Paragraph 63 of the Complaint.

64. Ustream denies each and every averment contained in Paragraph 64 of the Complaint.

65. Ustream denies each and every averment contained in Paragraph 65 of the Complaint.

66. Ustream denies each and every averment contained in Paragraph 66 of the Complaint.

67. Ustream denies each and every averment contained in Paragraph 67 of the Complaint.

68. Ustream denies each and every averment contained in Paragraph 68 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 68 of the Complaint or any relief otherwise.

69. Ustream denies each and every averment contained in Paragraph 69 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 69 of the Complaint or any relief otherwise.

70. Ustream denies each and every averment contained in Paragraph 70 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 70 of the Complaint or any relief otherwise.

## COUNT IV
## INDUCEMENT OF COPYRIGHT INFRINGEMENT

71. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 70 inclusive.

72. Ustream denies each and every averment contained in Paragraph 72 of the Complaint.

73. Ustream denies each and every averment contained in Paragraph 73 of the Complaint.

74. Ustream denies each and every averment contained in Paragraph 74 of the Complaint.

75. Ustream denies each and every averment contained in Paragraph 75 of the Complaint.

76. Ustream denies each and every averment contained in Paragraph 76 of the Complaint.

77. Ustream denies each and every averment contained in Paragraph 77 of the Complaint.

78. Ustream denies each and every averment contained in Paragraph 78 of the Complaint.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

79. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 78 inclusive.

80. Ustream denies each and every averment contained in Paragraph 80 of the Complaint.

81. Ustream denies each and every averment contained in Paragraph 81 of the Complaint.

82. Ustream denies each and every averment contained in Paragraph 82 of the Complaint.

83. Ustream denies each and every averment contained in Paragraph 83 of the Complaint.

84. Ustream is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 84 of the Complaint and on that basis denies each and every one of them.

85. Ustream denies each and every averment contained in Paragraph 85 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 85 of the Complaint or any relief otherwise.

## COUNT VI
## COMMON LAW CONTRIBUTORY TRADEMARK INFRINGEMENT

86. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 85 inclusive.

87. Ustream denies each and every averment contained in Paragraph 87 of the Complaint.

88. Ustream denies each and every averment contained in Paragraph 88 of the Complaint.

89. Ustream denies each and every averment contained in Paragraph 89 of the Complaint.

90. Ustream denies each and every averment contained in Paragraph 90 of the Complaint.

91. Ustream denies each and every averment contained in Paragraph 91 of the Complaint.

92. Ustream denies each and every averment contained in Paragraph 92 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 92 of the Complaint or any relief otherwise.

## COUNT VII
## COMMON LAW VICARIOUS TRADEMARK INFRINGEMENT

93. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 92 inclusive.

94. Ustream denies each and every averment contained in Paragraph 94 of the Complaint.

95. Ustream denies each and every averment contained in Paragraph 95 of the Complaint.

96. Ustream denies each and every averment contained in Paragraph 96 of the Complaint

97. Ustream denies each and every averment contained in Paragraph 97 of the Complaint.

98. Ustream denies each and every averment contained in Paragraph 98 of the Complaint.

99. Ustream denies each and every averment contained in Paragraph 99 of the Complaint. Ustream denies that Plaintiff is entitled to any relief requested in Paragraph 99 of the Complaint or any relief otherwise.

## COUNT VIII
## COMMON LAW INDUCEMENT TRADEMARK INFRINGEMENT

100. Ustream incorporates by reference, as though fully set forth herein, its responses to each and every averment in the Complaint, Paragraphs 1 through 99 inclusive.

101. Ustream denies each and every averment contained in Paragraph 101 of the Complaint.

102. Ustream denies each and every averment contained in Paragraph 102 of the Complaint.

103. Ustream denies each and every averment contained in Paragraph 103 of the Complaint.

104. Ustream denies each and every averment contained in Paragraph 104 of the Complaint.

105. Any allegations in the Complaint not expressly admitted herein are denied.

## PRAYER FOR RELIEF (PARAGRAPHS 1-7)

106. Ustream denies that Plaintiff is entitled to any relief.

## DEFENSES

107. As separate defenses to Plaintiff's Complaint and to each cause of action, claim, and allegation contained therein, and without assuming the burden of proof on matters as to which they have no such burden, Defendant Ustream alleges as follows:

108. Plaintiff's claims fail in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

109. Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

110. Plaintiff's claims are barred in whole or in part by one or more of the safe harbors of 17 U.S.C. § 512.

111. Plaintiff's claims are barred in whole or in part because Plaintiff has not demonstrated ownership of the rights at issue and thus cannot bring one or more of the claims asserted against Defendant.

112. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

113. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

114. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

115. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

116. Plaintiff's request for injunctive relief is barred in whole or in part because the alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages and therefore Plaintiff is not entitled to seek equitable relief.

117. Plaintiff's request for injunctive relief is moot.

118. Plaintiff's claims are barred in whole or in part by its failure to reasonably mitigate the damages alleged in this action.

119. Plaintiff's claims are barred in whole or in part by the doctrine of innocent intent.

120. Plaintiff's claims are barred in whole or in part because Defendant acted in good faith, without bad faith intent, and had reasonable grounds to believe its actions were not in violation of the law.

121. Plaintiff's claims are barred in whole or in part because the asserted works are not protectable and/or lack originality.

122. Plaintiff's claims are barred in whole or in part by the doctrine of nominative fair use.

123. Plaintiff's claims are barred in whole or in part because the alleged use does not create any likelihood of confusion, mistake or deception as to affiliation, connection, sponsorship or association with Plaintiff.

124. Plaintiff's claims are barred in whole or in part because the alleged use is non-infringing.

125.    Plaintiff's claims are barred in their entirety due to the binding enforceable settlement agreement reached by the parties in this action, which is presently the subject of Defendant's pending motion to enforce the settlement agreement.

126.    The foregoing defenses are based on information currently known to Defendant. Defendant reserves the right to amend and/or add defenses based on information later discovered, pled or offered.

WHEREFORE, the Defendant prays for judgment on the Complaint as follows

A.    That judgment be entered in Defendant's favor and against Plaintiff on all counts of the Complaint and that the Complaint be dismissed with prejudice;

B.    That Plaintiff takes nothing by way of its Complaint;

C.    For costs of suit, including reasonable attorneys' fees, expenses and costs; and

D.    For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Ustream requests a jury trial for those issues so triable herein.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Rodger R. Cole
Songmee Connolly
Elizabeth J. White
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Tel: (650) 988-8500

Dated: March 30, 2010
959419 / 35415

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Ustream.TV, Inc., a/k/a, Ustream.TV.com, a/k/a Ustream*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 30, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 30, 2010, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Tanya E. Pino | Wayne D. Lonstein |
| PRICKETT, JONES & ELLIOTT, P.A. | Julie Cohen Lonstein |
| 1310 King St. | LONSTEIN LAW OFFICE, P.C. |
| P.O. Box 1328 | 1 Terrace Hill |
| Wilmington, DE 19899 | P.O. Box 351 |
| tepino@prickett.com | Ellenville, NY 12428 |
| | info@signallaw.com |
| | julie@signallaw.com |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

957067 / 35415