## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SQUARE RING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  09-563-GMS |
| v. | ) | |
| | ) | |
| JOHN DOE-1, CHIEF EXECUTIVE OFFICER, | ) | |
| JOHN DOE-2, CHIEF TECHNICAL | ) | |
| OFFICER, JOHN DOE-3, PRESIDENT, JOHN | ) | |
| DOES 4-10, Individually and as officers, | ) | |
| directors, shareholders and/or principals of | ) | |
| USTREAM.TV, INC., a/k/a | ) | |
| USTREAM.TV.COM, a/k/a USTREAM, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| USTREAM.TV, INC., a/k/a, | ) | |
| USTREAM.TV.COM, a/k/a USTREAM, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT USTREAM'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION TO DENY OR CONTINUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:

Rodger R. Cole
Songmee Connolly
Elizabeth J. White
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500

Dated:  November 14, 2013
1130211 / 35415

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Ustream.TV, Inc.,
a/k/a, Ustream.TV.com, a/k/a Ustream*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

RELEVANT BACKGROUND ......................................................................................................2

ARGUMENT .................................................................................................................................3

A.    Square Ring Has Failed to Satisfy Even the Most Basic Procedural
Requirement of Rule 56(d) ................................................................................4

B.    The Additional Discovery Requested by Square Ring Is Overbroad,
Duplicative of Evidence Already in Square Ring's Possession, and
Would Not Preclude a Finding of Summary Judgment ......................................4

    1.    Square Ring's Suggestion that Ustream's Knowledge of the
Alleged Infringing Activity Can Be Inferred from Incidents
of Unrelated Infringement Has Been Flatly Rejected by
Numerous Courts...................................................................................5

    2.    Even if Evidence of Broader Infringement *Was* Relevant to an
Analysis of Ustream's Knowledge of the Alleged Infringing
Activity, Ustream Has Already Produced Ample Documentation
on this Topic..........................................................................................7

C.    There Is No Excuse for Square Ring's Lack of Diligence in Pursuing
These Issues During the Fact Discovery Period .................................................8

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acceleron, LLC v. Hewlett-Packard Co.,*
    755 F. Supp. 2d 551 (D. Del. 2010) ..................................................................... 3, 8

*Carey v. Fed. Express Corp.,*
    519 Fed. Appx. 772 (3d Cir. 2013) ........................................................................ 4

*Corbis Corp. v. Amazon.com, Inc.,*
    351 F. Supp. 2d 1090 (W.D. Wash. 2004) ............................................................. 6

*Dowling v. City of Phila.,*
    855 F.2d 136 (3d Cir. 1988) ................................................................................... 4

*Obodai v. Demand Media, Inc.,*
    No. 11 Civ. 2503, 2012 U.S. Dist. LEXIS 83109 (S.D.N.Y. June 12, 2012) .......... 5, 6, 7

*Superior Offshore Int'l, Inc. v. Bristow Grp.,*
    490 Fed. Appx. 492 (3d Cir. 2012) ........................................................................ 3, 8

*UMG Recordings, Inc. v. Veoh Networks, Inc.,*
    Nos. 09-55902, 09-56777, 10-55732, 2013 U.S. App. LEXIS 5100,
    (9th Cir. Mar. 14, 2013)......................................................................................... 6

*Viacom Int'l, Inc. v. YouTube, Inc.,*
    676 F.3d 19 (2d Cir. 2012) ..................................................................................... 2, 6

STATUTES AND AUTHORITIES

17 U.S.C. § 512................................................................................................................ 5

Fed. R. Civ. P. 56.......................................................................................................... *passim*

## INTRODUCTION

Square Ring's Rule 56(d) motion is another effort to delay the inevitable finding that its copyright infringement claims cannot survive summary judgment.  First, Square Ring's sought-after discovery cannot defeat Ustream's Motion for Summary Judgment as a matter of law.  Even if Square Ring receives every piece of information it seeks about alleged, unrelated infringements on Ustream's website, these alleged infringements are irrelevant to Square Ring's claim.  Every court that has reviewed this issue has reached the same conclusion.

Second, Ustream has already provided the information Square Ring seeks and Square Ring has no obstacle to oppose Ustream's Motion for Summary Judgment.  When Square Ring asserted over one year ago that it needed unrelated information of claims of copyright infringement, Ustream agreed to cooperate and produced additional documentation of alleged infringements, even though any such discovery is unjustified under current DMCA law.  After meeting and conferring with Square Ring, on November 7, 2012, Ustream produced an additional 1,031 documents, including hundreds of emails between Ustream's content monitoring team and third parties discussing third party complaints of alleged infringement on Ustream's website.  Then, on January 8, 2013, Ustream provided Square Ring with detailed logs in which Ustream had recorded and tracked, as part of its copyright policy, incoming DMCA complaints.  Thus Square Ring's contention that Ustream "refused" to provide any discovery relating to potential infringement of unrelated copyrighted works on Ustream's website is simply not true.

Not since November 2012, when Ustream supplemented its document production to provide the requested documentation of infringement allegations by third parties, had Ustream received any further complaints from Square Ring about the sufficiency of its document production, and Ustream therefore believed that the parties had resolved these issues.  Only when faced with a motion for summary adjudication of the majority of its claims against Ustream did

Square Ring suddenly decide to revisit the issue, in a Rule 56(d) motion that is deficient in a number of respects. Most importantly, the motion fails to explain how the additional discovery, if obtained, would preclude a finding of summary judgment.

## RELEVANT BACKGROUND

On October 22, 2012, Ustream served its responses to Square Ring's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production. Declaration of Elizabeth White (White Decl.) at ¶ 2. On October 31, 2012, Square Ring's counsel emailed Ustream's counsel requesting a phone call to "go over some issues [Square Ring had] on Ustream's discovery responses." *Id*. Ustream's counsel met and conferred with Square Ring's counsel, John Wirt, by phone on November 7, 2012. *Id*. During that phone call, Mr. Wirt stated that he was concerned that Ustream's objections to the document requests indicated that Ustream was not planning to produce documents relating to its awareness of other complaints of alleged copyright on Ustream's website, particularly any relating to third party broadcasts. *Id*. Mr. Wirt argued that he was entitled to such documents under the Second Circuit's decision in *Viacom v. YouTube*. *Id*. Ustream's counsel explained to Mr. Wirt during the phone call that she did not believe his interpretation of that case was correct, but she agreed to consider his request for additional documentation on this subject. *Id*.

Several weeks later, on November 21, 2013, Ustream produced an additional 1,031 documents. In response to Mr. Wirt's request, that production included hundreds of emails between Ustream's content monitoring team (including Suzanne Tran) and third parties discussing alleged infringement on Ustream's website. White Decl. at ¶ 3. The broadcasts discussed in these emails between Ustream and third parties included, amongst other things, various sporting broadcasts such as baseball games, cricket events, and soccer matches. *Id*. None of these discussions with third parties had anything to do with the broadcasts at issue in this litigation. *Id*.

2

Additionally, on January 8, 2013, Ustream produced to Square Ring detailed logs of alleged

DMCA complaints that Ustream had received from third parties over the course of several years.

*Id.*  These logs included the following information for each incident of alleged infringement: the

URL and name of the allegedly infringing Ustream channel; the user ID associated with the

allegedly infringing broadcast; the date and time that Ustream removed the allegedly infringing

content; the length of the broadcast; the viewer count; and the reason for the ban.  *See* Zapanta

Decl. in Support of Ustream's Motion for Summary Judgment (D.I. 104) at ¶ 6.

From the time that it met and conferred with Square Ring on November 7, 2012, up until

the filing of the Rule 56(d) motion, Ustream did not receive any request from Square Ring for

additional documents, and accordingly Ustream reasonably believed this dispute had been settled

over a year ago.   White Decl. at ¶ 4.

## ARGUMENT

A Rule 56(d) motion is "the proper recourse of a party faced with a motion for summary

judgment who believes that additional discovery is necessary before he can **adequately** respond

to that motion."  *Superior Offshore Int'l, Inc. v. Bristow Grp.*, 490 Fed. Appx. 492, 501 (3d Cir.

2012) (emphasis added) (citation and internal quotation marks omitted).  A properly filed motion

must be accompanied by "a supporting affidavit detailing what particular information is sought;

how, if uncovered, it would preclude summary judgment; and why it has not previously been

obtained." *Id.* (citation and internal quotation marks omitted).  Nor are these factors exhaustive,

as the district court may exercise its discretion to consider additional factors, such as the moving

party's lack of diligence during the discovery process.  *See id.; see also Acceleron, LLC v.*

*Hewlett-Packard Co.*, 755 F. Supp. 2d 551, 555 (D. Del. 2010) (denying request for additional

discovery under Rule 56[d] where movant failed to diligently pursue the necessary documents

during the discovery period.)  Because Square Ring's Rule 56(d) fails to satisfy a single one of these factors, it must be denied.

### A.       Square Ring Has Failed to Satisfy Even the Most Basic Procedural Requirement of Rule 56(d)

As an initial matter, Square Ring's Rule 56(d) motion does not include the most basic procedural requirement—a supporting affidavit or declaration—and on these grounds alone must be denied.[1]  *See* Fed. R. Civ. P. 56(d)*; see also Carey v. Fed. Express Corp.,* 519 Fed. Appx. 772, 775 (3d Cir. 2013) (denying Rule 56(d) motion where movant's request to the court was not styled as a declaration or affidavit); *see also Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988) ("[F]iling an affidavit is necessary for the preservation of a Rule [56(d)] contention that summary judgment should be delayed pending further discovery") (citation and internal quotations omitted).

### B.       The Additional Discovery Requested by Square Ring Is Overbroad, Duplicative of Evidence Already in Square Ring's Possession, and Would Not Preclude a Finding of Summary Judgment

Square Ring's motion also fails to meet the basic substantive requirements of Rule 56(d), as it does not explain how or why obtaining the requested broad categories of documents from Ustream would preclude the Court from granting Ustream's pending motion for summary adjudication on its DMCA "safe harbor" defense (D.I. 101).

Although it fails to state the additional discovery being sought with the particularity required by Rule 56(d), Square Ring appears to be requesting **any and all** documentation regarding "Ustream's awareness of infringing activity on Ustream's website." *See* D.I. 114 at ¶ 22.  Square Ring does not need this information in order to adequately respond to Ustream's

---

[1]  Rather than a sworn declaration or affidavit setting forth the supporting factual basis for the motion, Square Ring simply attaches a one-sentence certification by John Wirt, Square Ring's CEO and counsel, at the end of its motion.

summary judgment motion, for at least two reasons: (1) the requested documents will be irrelevant in the Court's analysis of whether to grant Ustream "safe harbor" status under the DMCA, as recent appellate decisions have made clear; and (2) the requested documents are duplicative of evidence that Ustream has **already** provided to Square Ring, which Square Ring may include in responding to Ustream's summary judgment motion.

1.   **Square Ring's Suggestion that Ustream's Knowledge of the Alleged Infringing Activity Can Be Inferred from Incidents of Unrelated Infringement Has Been Flatly Rejected by Numerous Courts**

As laid out in Ustream's pending summary judgment motion (D.I. 101), there are certain statutory requirements that a defendant must satisfy in order to be entitled to safe harbor protection under 17 U.S.C. § 512(c), which protects service providers from liability for copyright infringement.  One such requirement is that the defendant must demonstrate that it had no actual or apparent knowledge of the accused infringing activity.  *See* D.I. 101 at pp. 12-15.  Although Square Ring does not articulate the argument with sufficient particularity, in its Rule 56(d) motion, Square Ring appears to be arguing that it is entitled to **all** documentation of **any** alleged infringement on Ustream's website so that it may use such evidence in order to impute the requisite knowledge to Ustream.  *See* D.I. 114 at ¶¶ 10-23.

Yet this interpretation of the "knowledge" requirement has been flatly rejected by numerous recent appellate decisions, all of which have held that when determining whether a defendant seeking safe harbor status had actual knowledge or sufficient awareness of facts and circumstances from which infringing activity was apparent, the Court may only consider notices relating to the **specific copyrighted work(s) in dispute**.  *See, e.g., Obodai v. Demand Media, Inc.*, No. 11 Civ. 2503, 2012 U.S. Dist. LEXIS 83109, at *15-18 (S.D.N.Y. June 12, 2012) (granting defendant's motion for summary judgment on safe harbor status and explaining that while "safe harbor might not apply if the defendant had knowledge that the *specific works in dispute* were

infringing, … knowledge or suspicion of broader infringement" does not qualify as knowledge under 512(c)(1)(A)(i)-(ii)) (emphasis added) (citing *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 32-34 (2d Cir. 2012)); *see also Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1107-08 (W.D. Wash. 2004) (evidence that defendant Amazon had received past DMCA notices from third parties addressing copyrighted photos was insufficient to create a material issue of fact to overcome summary judgment, because "the issue is not whether Amazon had a general awareness that a particular type of item might be easily infringed," but "whether Amazon actually knew that specific [Amazon users] were selling items that infringed [plaintiff's] copyrights."); *see also UMG Recordings, Inc. v. Veoh Networks, Inc.*, Nos. 09-55902, 09-56777, 10-55732, 2013 U.S. App. LEXIS 5100, at *44-46 (9th Cir. Mar. 14, 2013).

   Square Ring cites just one case in support of its position, *Viacom v. YouTube*. In that case, the appellate court held that certain emails and reports in which YouTube's executives had referred to specific incidents of infringement of several video broadcasts, including cable television programs and soccer broadcasts **owned by plaintiffs Viacom and Premiere League**, raised a material issue of fact regarding YouTube's knowledge or awareness of specific instances of infringement. *Viacom Int'l, Inc.*, 676 F.3d at 33-34. It does not follow from *Viacom v. YouTube*, however, that any alleged infringement of some completely unrelated work may give rise to an inference of knowledge or awareness of infringement of the litigated work. The court in *Obodai* specifically rejected such an interpretation of *Viacom v. YouTube*, explaining that the reason YouTube's emails and reports created a triable issue of fact regarding YouTube's knowledge of infringement was that they specifically referenced clips of copyrighted works at issue in the underlying litigation. *See Obodai*, 2012 U.S. Dist. LEXIS 83109, at *16-17 (citing *Viacom Int'l, Inc.*, 676 F.3d at 32-34). Square Ring's reliance on *Viacom v. YouTube* for the

proposition that it is entitled to further discovery regarding unrelated incidents of infringement on Ustream's website is therefore unfounded.

    **2.**      **Even if Evidence of Broader Infringement *Was* Relevant to an Analysis of Ustream's Knowledge of the Alleged Infringing Activity, Ustream Has Already Produced Ample Documentation on this Topic**

Even though Ustream does not believe evidence of broader infringement on it its website is relevant to the pending summary judgment motion, should the Court determine that Square Ring is allowed to present such evidence in its opposition, Ustream has already provided ample documentation on which Square Ring could rely on this point.

Contrary to Square Ring's assertion that Ustream has "refused" to produce documentation relating to unrelated allegations of infringement by third parties, Ustream has in fact produced several years worth of archived DMCA logs detailing the complaints the company received from third parties alleging copyright infringement.  These logs included the following information for each incident of alleged infringement: the URL and name of the allegedly infringing Ustream channel; the user ID associated with the allegedly infringing broadcast; the date and time that Ustream removed the allegedly infringing content; the length of the broadcast; the viewer count; and the reason for the ban.  *See* Ustream's Motion for Summary Judgment (D.I. 101) at 4, 11; *see also* Zapanta Decl. in Support of Ustream's Motion for Summary Judgment (D.I. 104) at ¶ 6. The purpose of these logs, as explained more fully in Ustream's summary judgment motion, was to ensure proper implementation of Ustream's copyright policies, including its policy of responding expeditiously to all DMCA-compliant notices.  *See id.*

Further, Ustream's production to Square Ring on November 21, 2013, included hundresds of documents responsive to the categories listed in Square Ring's Rule 56(d) motion.  For example, in its motion, Square Ring inaccurately states that Ustream has not provided any documents in response to Square Ring's Request No. 11 seeking "all documents and

communications from and/or to John Ham, Suzanne Tran, Brad Hunstable, Gyula Feher and/or any other person affiliated with Ustream relating to or discussing copyright infringement." D.I. 114 at ¶ 18. This is simply not true. Ustream's November 2012 production included hundreds of emails from and to Ustream's content monitoring team (including Suzanne Tran) discussing alleged copyright infringement on Ustream's website. White Decl. at ¶ 3. The broadcasts discussed in these emails between Ustream and third parties included, amongst other things, various sporting broadcasts such as baseball games, cricket events, and soccer matches. *Id.* These emails are not only responsive to Square Ring's Request No. 11, but also to several other, if not all, of the requests raised in Square Ring's Rule 56(d) motion. *See, e.g.*, Request No. 9 (D.I. 114 at ¶ 14); Request No. 8 (*Id.* at ¶ 12).

In its Rule 56(d) motion, Square Ring does not explain why it could not rely, in its opposition to Ustream's summary judgment motion, on the evidence already in its possession, such as the DMCA logs and afore-mentioned emails with third parties, in order to argue that Ustream had sufficient knowledge of allegedly infringing activity. The purpose of a Rule 56(d) motion is to allow the party facing summary judgment to obtain sufficient discovery in order to **adequately** respond to the motion. *See, e.g., Superior Offshore Int'l*, 490 Fed. Appx. at 501. It is not, as Square Ring suggests, an excuse to cast a broad discovery net in the hopes of finding additional evidence.

### C.     There Is No Excuse for Square Ring's Lack of Diligence in Pursuing These Issues During the Fact Discovery Period

An additional basis for denying Square Ring's Rule 56(d) motion is that Square Ring failed to raise these issues during the discovery period, even though it received Ustream's supplemental document production (which Ustream believed had redressed these deficiencies) in November 2012. *See, e.g., Acceleron*, 755 F. Supp. 2d at 555 (denying request for additional

discovery under Rule 56[d] where movant failed to diligently pursue the necessary documents during the discovery period.)  Square Ring has argued *ad nauseum* to this Court that it was not required to comply with the discovery cutoff date of June 14, 2013 because the parties allegedly agreed to put discovery "on hold" in February 2013 (*see, e.g.*, D.I. 113 at ¶¶ 1-3), but this does not excuse Square Ring's failure to raise these issues between November 2012 and February 2013.   As explained above, after meeting and conferring with Square Ring on the same issues raised in the 56(d) motion, Ustream agreed to supplement its production and did so on November 21, 2012.  Following that supplemental production and up until the time that it filed its Rule 56(d) motion, Square Ring never asked for additional documents from Ustream.  Ustream therefore reasonably believed that the dispute was resolved a year ago.  Square Ring's unjustified lack of diligence in raising these issues during the appropriate fact discovery period provides even further grounds for denying its Rule 56(d) motion.

## CONCLUSION

Based upon the foregoing, Defendant Ustream respectfully requests that the Court deny Plaintiff's Rule 56(d) motion in its entirety.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Rodger R. Cole
Songmee Connolly
Elizabeth J. White
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500

Dated:  November 14, 2013
1130211 / 35415

By:  /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza 6th Floor
      1313 N. Market Street
      Wilmington, DE  19899
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Defendant Ustream.TV, Inc.,
a/k/a, Ustream.TV.com, a/k/a Ustream*

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 14, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on November 14, 2013, the attached document was electronically mailed to the following person(s)

Michael G. Rushe
Hudson, Jones, Jaywork & Fisher, LLC
225 South State Street
Dover, DE 19901
mrushe@delawarelaw.com

Pamela Cocalas Wirt
John S. Wirt
Wirt & Wirt, P.C.
770 Bryant Avenue
Winnetka, IL 60093
pcwirt@wirtlawfirm.com
jwirt@wirtlawfirm.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

957067 / 35415