IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SQUARE RING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-563 (GMS) |
| | ) |
| JOHN DOE-1, CHIEF EXECUTIVE OFFICER, | ) |
| JOHN DOE-2, CHIEF TECHNICAL OFFICER, | ) |
| JOHN DOE-3, PRESIDENT, JOHN DOES 4-10, | ) |
| Individually and as officers, directors, shareholders, | ) |
| and/or principals of USTREAM.TV INC., a/k/a | ) |
| USTREAM.TV.COM, a/k/a USTREAM, | ) |
| | ) |
| and | ) |
| | ) |
| USTREAM.TV, INC., a/k/a, USTREAM.TV.COM, | ) |
| a/k/a USTREAM, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

## I. **INTRODUCTION**

On July 30, 2009, Square Ring, Inc. ("Square Ring") filed suit against John Does 1-10,

UStream.TV Inc., and UStream.TV.COM ("UStream") seeking damages and injunctive relief for

copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.* (D.I. 1.) In its complaint,

Square Ring alleged that UStream disseminated on March 21, 2009 a copyrighted boxing and

mixed martial arts broadcast owned by Square Ring. (D.I. 1 at ¶¶ 3-5.) Square Ring further

alleged, among other things, that UStream did not remove or disable access to the broadcast after

Square Ring made a demand. (*Id.* at ¶ 5.) On July 13, 2013, UStream filed a motion for summary

judgment in which it argued that, under the safe harbor provisions of the Digital Millennium

Copyright Act ("DMCA"), 17 U.S.C. § 512, it is immune from monetary liability for copyright infringement. (D.I. 100.)

Presently before this court is Square Ring's Rule 56(d) Motion to Deny or Continue Defendants' Motion for Summary Judgment. (D.I. 114.) In the motion, Square Ring seeks an order pursuant to Federal Rule of Civil Procedure 56(d) either (1) denying UStream's motion for summary judgment or (2) permitting Square Ring to seek additional discovery regarding UStream's knowledge of infringing activity on UStream's website. (*Id.* at 9.) Because the court concludes that there is not sufficient reason to permit Square Ring to seek additional discovery, the court will deny Square Ring's motion.

## II. BACKGROUND

Square Ring is a Florida-based and Delaware-incorporated boxing promotional company that is majority owned by boxer Roy Jones, Jr. ("Mr. Jones"). (D.I. 1 at ¶ 1.) UStream is a Delaware corporation that describes itself as a "live interactive video broadcast platform" with an "interactive broadcast functionality" that permits viewers to "personally interact directly with whoever is broadcasting." (D.I.26 at ¶¶ 14, 17.) The events from which the instant motion arises relate to discovery.

On August 17, 2012, both Square Ring and UStream jointly filed an amended status report in which they proposed that fact discovery be completed by June 14, 2013. (D.I. 46 at 12.) A couple of months later, on October 31, 2012, the court accepted this proposal and directed Square Ring to file a proposed scheduling order setting June 14, 2013 as the close of discovery. A week prior to this teleconference, UStream had served its responses to Square Ring's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production

("First Set of Discovery Requests"). (D.I. 58.) On November 7, 2012, counsel for both UStream and Square Ring conferred by phone. (D.I. 118 at 2; D.I. 120 at 1.) During that phone call, Square Ring's counsel stated that he was concerned about some objections to producing documents relating to third party broadcasts that UStream had made in its responses to Square Ring's First Set of Discovery Requests. (*Id.*) Square Ring's counsel requested that UStream produce documents relating to UStream's awareness of third parties' complaints of copyright infringement on UStream's website. (*Id.*) UStream's counsel agreed to consider this request. (*Id.*)

On November 21 or 23, 2013,[1] UStream produced an additional 1,031 documents. (D.I. 118 at 2; D.I. 120 at 2.) UStream claims, and Square Ring does not dispute, that this production included hundreds of e-mails between UStream's content monitoring team and third parties discussing alleged infringement on UStream's website. (D.I. 118 at 2.) UStream also claims, and Square Ring again does not dispute, that Square Ring did not raise any concerns about the responsiveness of this supplemental production to Square Ring's document requests relating to third party complaints.[2] (D.I. 118 at 3; D.I. 120 at 2.) On January 8 or 28, 2013,[3] UStream

---

[1]    The parties differ regarding the date on which UStream made its production of documents in November 2012. Square Ring alleges that UStream produced the documents on November 23, 2012. (D.I. 120 at 2.) UStream claims, however, that it made its production on November 21, 2012. (D.I. 2, 7.) For the purposes of resolving the Rule 56(d) motion, the precise date on which the production was made in November 2012 is immaterial.

[2]    Square Ring claims that its counsel did complain about UStream's designation of 1,020 out of the 1,031 documents as "attorneys' eyes only" ("AEO"). (D.I. 120 at 2.) Square Ring alleges that the parties had agreed to use the AEO designation only "sparingly" so that Square Ring's counsel could enlist the assistance of non-attorney staff in conducting discovery. (*Id.* at 2-3). Square Ring's counsel wrote to UStream that the use of the AEO designation "is definitely going to be an issue that we will have to address later, if this case does not settle." (*Id.* at 2 and Exhibit A.) There is no indication that Square Ring's counsel followed up on this matter, however. (*Id.* at 2) Ultimately, this dispute about use of the AEO designation does not pertain to the responsiveness of UStream's document production to Square Ring's request for documents tending to show UStream's knowledge of infringing activity on UStream's website. Thus, this dispute is not relevant to the issues to be resolved in connection with Square Ring's Rule 56(d).

[3]    While UStream claims it made its January 2013 production on January 8, 2013, (D.I. 118 at 3), Square Ring claims that UStream's production in January 2013 occurred on January 28, 2013, (D.I. 120 at 3). The precise date on which the production was made in January 2013 is not of great importance.

produced to Square Ring logs of DMCA complaints that UStream had received from third parties over the course of several years. (D.I. 118 at 2; D.I. 120 at 3.) UStream claims, and Square Ring does not deny, that these logs included: "the URL and name of the allegedly infringing UStream channel; the user ID associated with the allegedly infringing broadcast; the date and time that UStream removed the allegedly infringing content; the length of the broadcast; the viewer count; and the reason for the ban." (D.I. 118 at 3.)

Both parties agree that Square Ring did not raise any objections or concerns about this second supplemental production. (D.I. 118 at 2; D.I. 120 at 3.) UStream also claims, and Square Ring does not deny, that from the phone call on November 7, 2012 until the date on which Square Ring filed the instant Rule 56(d) motion, UStream did not receive any objection or request from Square Ring for additional documents. Square Ring alleges that it noticed deficiencies in both of UStream's supplemental productions, but did not raise any objections initially because its counsel was occupied with preparing a damages analysis for settlement purposes. (D.I. 120 at 3.) Square Ring claims that it did not raise objections later on because its counsel was still reviewing UStream's productions and the parties agreed to stay the case pending Magistrate Judge Fallon's decision regarding a discharge dispute that Square Ring had with its former counsel. (*Id.*)

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and part (d) of the Rule is directed to the circumstance in which "facts are unavailable to the nonmovant." Rule 56(d) states:

> "If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:

4

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

As the United States Court of Appeals for the Third Circuit ("Third Circuit") has explained, a Rule 56(d) motion is essentially "the proper recourse of a party faced with a motion for summary judgment who believes that additional discovery is necessary before he can adequately respond to that motion." *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309 (3d Cir. 2011). In order to be deemed properly filed, a Rule 56(d) motion should "be accompanied by 'a supporting affidavit detailing what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Superior Offshore Int'l, Inc. v. Bristow Grp.*, 490 Fed. Appx. 492, 501 (3d Cir. 2012) (quoting *Doe v. Abinton Friends Sch.*, 480 F.3d 252, 255, n.3 (3d Cir. 2007). While this three-factor test provides helpful guidelines, it is neither exhaustive nor exclusive and district courts ultimately have discretion in ruling on Rule 56(d) motions. *Id.* (citing *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 458 (3d Cir. 2003)).

## IV.    DISCUSSION

After considering the parties' arguments and evidence submitted, the court concludes that Square Ring's Rule 56(d) motion must be denied. Even if the court accepts Square Ring's characterization of UStream's document production as deficient, Square Ring has not provided any explanation sufficient to excuse its failure to previously obtain the information it now seeks. Thus, Square Ring's silence about its discovery concerns and lack of diligence in seeking

5

additional discovery before the end of fact discovery are fatal to its motion.[4] *See, e.g., Acceleron, LLC v. Hewlett-Packard Co.*, 755 F. Supp. 2d 551, 555 (D. Del. 2010) (Denying Rule 56(f)[5] motion because the plaintiff "failed to diligently pursue the discovery...during the fact discovery period."); *see also N'Jie v. Mei Chung*, 504 Fed. Appx. 108, 111 (3d Cir. 2012) (Affirming district court's denial of plaintiff's Rule 56(f) motion because "Plaintiffs repeatedly failed to meet discovery deadlines, disregarded court orders, and engaged in 'the discovery game of hide and seek.'...Clearly, Plaintiffs can attribute any missing discovery only to their own neglect....").

In its motion, Square Ring argues that UStream has hitherto failed to provide the discovery that Square Ring originally requested. (D.I. 114 at 3.) Square Ring admits that it did not raise its concerns regarding UStream's document production or seek additional discovery before the close of fact discovery on June 4, 2013. (D.I. 120 at 3.) Square Ring argues, however, that this failure should not be held against it because, from February 4, 2013 onward, the parties supposedly had an agreement in principle to put the case on hold. (D.I. 114 at 2; D.I. 120 at 3.) Square Ring contends that, because of this agreement in principle, it was not able to obtain the information it sought and it would violate basic principles of justice for UStream to be allowed to hold Square Ring to the June 14, 2013 close of fact discovery.[6] (*Id.*)

UStream argues that its document production is sufficient and that the additional discovery

---

[4] Both parties make a number of arguments in favor of and against Square Ring's Rule 56(d) motion that are separate from the lack of diligence basis for the court's decision. Because the court rules that Square Ring's lack of diligence and silence before the end of discovery constitute sufficient reason to deny Square Ring's motion, the court will not discuss alternative bases for its ruling.

[5] Before the amendments to Rule 56 were made in 2010, Rule 56(d) was known as Rule 56(f). *N'Jie v. Mei Chung*, 504 Fed. Appx. 108, 111, n.3 (3d Cir. 2012)

[6] Square Ring also argues that it was partly because of this agreement among the parties to put the case on hold that Square Ring did not send UStream any additional discovery after November 7, 2012. (D.I. 120 at 3.)

6

that Square Ring requests would be "duplicative of evidence already in Square Ring's possession". (D.I. 118 at 4.) UStream also contends that, even if the court accepts Square Ring's claim that it missed the June 14, 2013 discovery end date because of the parties' alleged stay agreement, this does not excuse Square Ring's failure to raise its concerns about UStream's discovery between November 2012 and February 2013. (*Id.* at 9.) According to UStream, only after UStream filed a motion for summary judgment did Square Ring conveniently decide to renew its complaints in the instant Rule 56(d) motion. (*Id.* at 3, 9.)

The court concludes that UStream is correct and Square Ring's contentions do not excuse or explain its failure to seek adequate discovery before the point at which it submitted its motion. First, Square Ring was well aware that the court had set June 14, 2013 as the date on which discovery was to end. Indeed, June 14, 2013 was a date that the parties themselves chose. As already detailed, the parties filed an amended status report in August 2012 in which they proposed that fact discovery be completed by June 14, 2013. (*See supra* pg. 2-3; D.I. 46 at 12.) The court made clear during a teleconference on October 31, 2012 that it had accepted the parties' proposal of June 14, 2013 and ordered Square Ring's counsel to file a proposed scheduling order containing this date. Thus, by October 2012 at the latest, Square Ring was well aware of the date on which discovery was to close.

When UStream made allegedly defective supplemental document productions in November 2012 and January 2013, Square Ring knew that it had only until June 2013 either to raise objections to UStream's production or to seek an extension of discovery. Despite this, Square Ring admittedly did nothing to bring its discovery dispute to the attention of UStream and the court. (D.I. 120 at 2-4.) Even if the court accepts Square Ring's claim that the parties agreed to

7

stay the case on February 4, 2013, the fact is that Square Ring had from the time of UStream's first supplemental production in November 2012 until February 4, 2013 to raise its concerns and yet did nothing. Square Ring's argument that it intended to raise objections, but did not do so because its counsel became preoccupied with other work, (D.I. 120 at 2-3), is no excuse at all. Square Ring bears the burden of its counsel's failure or inability to balance and carry out its responsibilities.

Second, apart from the fact that Square Ring had ample time to raise any concerns it had about UStream's production and failed to do so, Square Ring's arguments based on the parties' allegedly private agreement to stay the case are unavailing. It is well established that the parties cannot unilaterally stay a case without seeking the court's permission. The basic rules of discovery require all parties to proceed with discovery, as set by the court, unless the court expressly directs them to do otherwise. *See, e.g.*, Fed. R. Civ. P. 26(b), (d), and (f) (Stating in numerous instances that *the court* may alter the scope, timing, frequency, extent, and length of discovery, as well as the parties' responsibilities during discovery.); Fed. R. Civ. P. 37(b) (Establishing sanctions for failure to comply with a court order regarding discovery.).

On this point, *Applied Biosystems, Inc. v. Cruachem, Inc.* is instructive. Civ. Action No. 89-579-JRR, 1990 U.S. Dist. LEXIS 21003, *3-4 (D. Del. Aug. 3, 1990). In that case, the plaintiff ceased to conduct discovery, without seeking permission of the court, because it desired to await the outcome of a pending motion that it felt was of paramount importance. *Id.* at *3. In effect, the plaintiff attempted a "unilateral stay of discovery". *Id.* The court ruled that the consequences of the plaintiff's delay fell squarely on the plaintiff and "the fact that [the plaintiff] ha[d] pending a motion to sever antitrust issues from patent issues does not impact upon its duty under the Federal Rules of Civil Procedure and under the stipulated order to conduct discovery on all issues in this

8

case." *Id.* at *4-5. Likewise in *Willemijn Houdstermaatschaapij BV v. Apollo Commuter, Inc.*, the defendant attempted to grant itself a stay without first seeking permission of the court. 707 F. Supp. 1429, 1441 (D. Del. 1989). Although the defendant had at least filed a motion to stay before deciding to cease discovery, the court ruled nonetheless that "[s]imple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all." *Id.* There is no ambiguity whatsoever in the Federal Rules of Civil Procedure; Square Ring's supposed reliance on UStream's agreement to stay the case was completely unjustified.

## V.    CONCLUSION

For the foregoing reasons, the court concludes that Square Ring has not demonstrated that it is entitled to conduct additional discovery for the purpose of responding to UStream's summary judgment motion. Thus, the court will deny Square Ring's Rule 56(d) Motion to Deny or Continue Defendants' Motion for Summary Judgment.

Dated: March **16**, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SQUARE RING, INC.,<br><br>    Plaintiff,<br><br>       v.<br><br>JOHN DOE-1, CHIEF EXECUTIVE OFFICER,<br>JOHN DOE-2, CHIEF TECHNICAL OFFICER,<br>JOHN DOE-3, PRESIDENT, JOHN DOES 4-10,<br>Individually and as officers, directors, shareholders,<br>and/or principals of USTREAM.TV INC., a/k/a<br>USTREAM.TV.COM, a/k/a USTREAM,<br><br>and<br><br>USTREAM.TV, INC., a/k/a, USTREAM.TV.COM,<br>a/k/a USTREAM,<br><br>    Defendants. | Civil Action No.  09-563 (GMS) |

## ORDER

At Wilmington, this **19th** day of March, 2014, consistent with the Memorandum Opinion issued this same date, IT IS HEREBY ORDERED THAT:

1. Square Ring's Rule 56(d) Motion to Deny or Continue Defendants' Motion for Summary Judgment is DENIED.

CHIEF, UNITED STATES DISTRICT JUDGE